FILED

08/19/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0027

DA 24-0027

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 186

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

MONTE RAY WALTON, SR.,

        Defendant and Appellant,

APPEAL FROM:    District Court of the Seventh Judicial District,
                    In and For the County of Dawson, Cause No. DC-2022-023
                    Honorable Olivia Rieger, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        James C. Murnion, Murnion Law, Missoula, Montana

        For Appellee:

        Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
        Attorney General, Helena, Montana

        Brett Irigoin, Dawson County Attorney, Cody Lensing, Deputy County
        Attorney, Glendive, Montana

Submitted on Briefs:  July 30, 2025

Decided:   August 19, 2025

Filed:

_____
                       Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Monte Ray Walton appeals from the Seventh Judicial District Court, Dawson County's September 5, 2023 Judgment & Order of Sentence sentencing him to 75 years of incarceration with no eligibility for parole for the first 40 years of that sentence. Walton appeals the parole restriction portion of his sentence, asserting that the prosecutor breached the parties' plea agreement by recommending a parole restriction.

¶2 We restate the issue on appeal as follows:

*Whether the prosecutor breached the plea agreement when he recommended a parole restriction.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On July 27, 2022, the State charged Walton with eight counts of various offenses, including Sexual Abuse of Children Under 12 and Incest. Walton signed a plea agreement on May 1, 2023. Pursuant to that agreement, Walton pled guilty to all eight counts and waived a series of constitutional rights. In exchange, the State agreed to recommend certain terms of incarceration for each offense. Relevant to this appeal, as to Counts 2, 3, and 4, the State agreed to recommend a sentence to the Montana State Prison for a period of 60 years, 100 years, and 100 years, respectively.

¶4 The plea agreement was silent as to restrictions on parole eligibility. The plea agreement provided that "[t]he Defendant can argue for any legal sentence," but it did not make a reciprocal allowance for the State.

¶5 On August 29, 2023, the District Court held a sentencing hearing at which the State requested that Walton receive a 40-year parole restriction. Walton did not object to the

State's recommendation but requested that he receive no parole restriction. The Court ultimately sentenced Walton to 75 years, with several shorter sentences to run concurrently, and imposed a 40-year parole restriction, stating "I recognize the . . . State has made a recommendation that [Walton] face . . . an additional 15-year parole restriction on the first 25,[1] and the Court is going to grant that request."[2]

## STANDARDS OF REVIEW

¶6     Generally, whether the State has breached a plea agreement is a question of law, which we review de novo under contract law standards. *State v. Lewis*, 2012 MT 157, ¶ 13, 365 Mont. 431, 282 P.3d 679. However, where, as in this case, a defendant fails to object to an alleged breach in the trial court, we review the alleged breach under our plain error doctrine. *State v. Rardon*, 2002 MT 345, ¶¶ 16-17, 313 Mont. 321, 61 P.3d 132 (*Rardon II*).

## DISCUSSION

¶7     *Whether the prosecutor breached the plea agreement when he recommended a parole restriction.*

¶8     Walton concedes that he did not object to the State's recommendation at the hearing but asks that we review the prosecutor's conduct under our plain error review standard. Plain error review is appropriate where "a defendant's fundamental and constitutional

---

[1] The relevant counts already had a mandatory 25-year parole restriction per statute.

[2] The prosecutor also requested that the District Court impose chemical castration as a part of its sentence. Because the District Court declined to impose that condition, we do not consider whether that portion of the prosecutor's request affected the fundamental fairness of the proceedings to the point of requiring reversal.

rights are implicated" such as "when he is induced to plead guilty by reason of a plea agreement." *Rardon II*, ¶ 16 (quoting *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997)). Under plain error review, a defendant bears the burden of proving (1) that the state breached the plea agreement and (2) the breach "affected the fairness" of the proceedings. *Rardon II*, ¶ 17.

¶9 Walton argues that the prosecutor breached the plea agreement by requesting a parole restriction in spite of the agreement's silence as to parole restrictions and the specificity of the promised recommendations. The State responds that the prosecutor was not bound as to parole restriction recommendations because of the agreement's silence. Both parties cite *Lewis* in support of their arguments. The parties in *Lewis* signed a plea agreement that was silent regarding parole ineligibility but contained a provision that permitted either party to "recommend and argue for any other lawful term of sentence and/or conditions thereto." *Lewis*, ¶ 17. We concluded that the plea agreement "clearly demonstrate[d] that the parties did not come to an agreement as to whether Lewis's sentence would include a restriction on his eligibility for parole." *Lewis*, ¶ 17. Because there was no agreement on parole eligibility, the prosecutor was "free to either seek a parole restriction or not," and did not breach the agreement when he opposed Lewis's motion to void parole restrictions imposed by the district court. *Lewis*, ¶¶ 19, 21.

¶10 The State argues that this case and *Lewis* are directly analogous because the agreement in this case was also silent as to parole eligibility. While that is true as far as it goes, a critical distinction is that the plea agreement in *Lewis* also included a provision

4

allowing *either party* "to recommend and argue for any other lawful term of sentence and/or conditions thereto." We specifically noted that provision in concluding there was no breach of the plea agreement:

> The written plea agreement between Lewis and the State clearly demonstrates that the parties did not come to an agreement as to whether Lewis' sentence would include a restriction on his eligibility for parole. The plea agreement is silent, as defense counsel agrees, regarding parole ineligibility. Additionally, Section 3 of the plea agreement unambiguously permitted *either party* "to recommend and argue for any other lawful term of sentence and/or conditions thereto." Thus, the plain language of the plea agreement demonstrates that the District Court could impose any lawful conditions on the sentence, as long as the sentence fell within the agreed upon disposition.

*Lewis*, ¶ 17 (emphasis added).

The plain language of the plea agreement in this case unambiguously permitted only "[t]he Defendant [to] argue for any legal sentence." The State, on the other hand, agreed to recommend very specific terms of incarceration for each of the eight counts to which Walton pled guilty without a similar provision allowing it to argue for any legal sentence. The specificity of the State's mandatory recommendations and Walton's exclusive right to argue for "any legal sentence" make clear that even if the parties did not reach an agreement on parole eligibility, they did reach an agreement about the entirety of what the prosecutor would recommend.

¶11 In order to retain the benefit derived from a defendant's plea, the State must fulfill its contractual obligations strictly and meticulously. *State v. McDowell*, 2011 MT 75, ¶ 14, 360 Mont. 83, 253 P.3d 812. When the State agrees to recommend a specific sentence, a prosecutor becomes obligated to approach sentencing in a manner that will not undermine

the agreement. *McDowell*, ¶ 14. Prosecutorial violation of the agreement is unacceptable, even if done inadvertently, in a good faith pursuit of justice. *McDowell*, ¶ 14. The prosecutor in this case undermined the specific sentence Walton had bargained for by recommending parole restrictions outside of the terms of the agreement. This constituted a breach of the agreement.

¶12 The State argues that even if the prosecutor's recommendation constituted a breach, it did not affect the fairness of the sentencing because the District Court "made a careful and independent review of the record before crafting" its sentence and "the district court was not bound by the agreement." But, as Walton points out in his reply brief, the District Court explicitly referenced the prosecutor's request when it restricted Walton's parole eligibility. A "sentencing judge should have the benefit of making [a sentencing] decision based on a good faith and fair presentation of the State's case." *Rardon II*, ¶ 25. When a District Court imposes a sentence explicitly based on a prosecutor's recommendation that we have determined to be a breach of the plea agreement, it affects the fundamental fairness of the sentence regardless of whether the court was bound to follow the prosecutor's recommendation. *See Rardon II*, ¶ 25. Because the District Court's decision to restrict Walton's parole eligibility was explicitly predicated on the prosecutor's request that it do so, the request affected the fairness of the ultimate sentencing decision.

¶13 "Generally, when the State breaches a plea bargain agreement, one of two equitable remedies is available to safeguard a defendant's due process rights." *State v. Munoz*, 2001 MT 85, ¶ 13, 305 Mont. 139, 23 P.3d 922. The first is specific performance by the State,

whereby the State is required to uphold its end of the bargain before a new sentencing judge. *Munoz*, ¶ 16. The second is recission of the plea agreement. *Munoz*, ¶ 18. A non-breaching defendant is afforded the initial right to choose between these two remedies. *Munoz*, ¶ 38. Walton has indicated that he has chosen the specific performance remedy, so we remand this case to the District Court to conduct a new sentencing hearing before a new sentencing judge.

## CONCLUSION

¶14 The prosecutor breached the plea agreement by recommending a parole eligibility restriction beyond the terms of the agreement. The District Court's September 5, 2023 Judgment & Order of Sentence is reversed and the case is remanded for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE